NO. 07-09-0234-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 APRIL 6, 2010

 ______________________________

 THE STATE OF TEXAS, APPELLANT

 V.

 CHRIS ALLEN McLAIN, APPELLEE

 _________________________________

 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 NO. B18002-0904; HONORABLE EDWARD LEE SELF, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 CONCURRING OPINION

 Appellee's business and residence were searched pursuant to a search
warrant, issued by a magistrate, based upon an affidavit which the trial
court found lacked a substantial basis for concluding that a search of the
described premises would uncover evidence of wrongdoing at the time the
warrant was issued. Examining the four corners of the affidavit, the trial
court found that the affidavit lacked any specificity regarding when the
matters referenced occurred because the only temporal statement concerning
evidence to be seized was as follows:

 In the past 72 hours, a confidential informant advised the Affiant
 that Chris was seen in possession of a large amount of methamphetamine
 at his residence and business.

The trial court concluded that the reference to "the past 72 hours" was a
reference to when the affiant spoke to the confidential informant and not a
reference to when the confidential informant witnessed Appellee in
possession of the contraband. Based upon that finding, the trial court
granted Appellee's motion to suppress evidence seized as a result of the
execution of that search warrant. In an appeal brought by the State, the
majority has found, and I agree, that the trial court did not abuse its
discretion in granting Appellee's motion to suppress. While I concur in
the result reached by the majority, I write separately because I interpret
the State's second issue differently than the majority.

 The majority construes the State's second issue as contending that
the trial court erred because the "good faith" exception found in article
38.23(b) of the Texas Code of Criminal Procedure applies so as to exempt
the contested evidence from exclusion. The majority then proceeds to
overrule that issue by explaining why that exception does not apply to the
situation where an officer's objective good faith reliance is based upon a
warrant that was not issued upon probable cause. While I agree with this
conclusion, I construe the State's contention differently. I believe the
State is contending that Appellee did not raise a article 38.23 objection,
thereby waiving it, and that this Court should therefore apply a good faith
exception to the application of the exclusionary rule for the technical
violation of an accused's constitutional rights, both state and federal,
where the evidence is obtained by a law enforcement officer acting in
objective good faith reliance upon a warrant issued by a neutral
magistrate.

 Neither the order granting Appellee's motion to suppress, nor the
Findings of Fact and Conclusions of Law filed by the trial court, specify
the basis upon which the evidence seized was suppressed. Furthermore,
neither the Brief for the Appellee filed in this cause, nor the Brief in
Support of Defendant's Motion to Suppress Evidence, ever mention article
38.23. The only reference Appellee makes to article 38.23 is contained in
the Motion to Suppress, filed by his previous counsel, wherein he generally
contends that the evidence was seized "in violation of the Fourth, Fifth,
Sixth, and Fourteenth Amendments to the United States Constitution, Article
I, Section 9, 10, and 19 of the Constitution of the State of Texas and
under article 38.23 of the Texas Code of Criminal Procedure." To the
extent that the trial court's basis for exclusion was anything other than
article 38.23, I agree with the State's contention that the exclusionary
rule should not apply to the facts of this case.

 While the Fourth Amendment to the United States Constitution, and
Article I, Section 9 of the Texas Constitution, both protect the right of
the people to be secure in their persons, houses, and possessions, against
unreasonable searches and seizures, neither contains a provision expressly
precluding the use of evidence obtained in violation of their commands.
The exclusionary rule we commonly apply is a judicially created rule
"designed to safeguard Fourth Amendment rights generally through its
deterrent effect." Herring v. United States, 555 U.S. ___, 129 S.Ct. 695,
172 L.Ed.2d 496 (2009); United States v. Calandra, 414 U.S. 338, 348, 94
S.Ct. 613, 38 L.Ed.2d 561 (1974). The fact that a Fourth Amendment
violation occurs does not necessarily mean that the exclusionary rule
applies and in determining its applicability to a given set of facts the
trial court must consider the objective reasonableness of not only the
officers who originally obtain a warrant, but also the officers who
eventually execute the warrant. Herring, 129 S.Ct. at 700; United States
v. Leon, 468 U.S. 897, 923, n. 24, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

 In Herring, the police arrested the accused based upon a warrant
listed in their computer database. A search incident to that arrest
yielded drugs and a gun. It was subsequently determined that the warrant
had been recalled months earlier, though the warrant information had never
been removed from that database due to the negligence of personnel in the
reporting jurisdiction's sheriff's office. When Herring was indicted on
federal gun and drug possession charges, he moved to suppress that
evidence. The trial court concluded that the exclusionary rule did not
apply and denied the motion to suppress. In affirming the trial court's
decision, the Supreme Court concluded that, although Herring's arrest was
predicated upon an invalid warrant, the benefit of applying the
exclusionary rule would be marginal or non-existent where the arresting
officer was acting in objective good faith when he reasonably believed
there to be an outstanding warrant. Herring, 129 S.Ct. at 704.

 That same logic reasonably applies here. When officers executed the
search warrant in question in this case, they reasonably believed that the
warrant had been issued by a neutral magistrate in compliance with the
provisions of article 18.01 of the Texas Code of Criminal Procedure. The
police misconduct here, if any, was bad grammar, not a "systemic error or
reckless disregard of constitutional requirements." Id. In cases such as
this, the exclusionary rule should not automatically be applied.

 While I do not read the State's second issue as narrowly as the
majority, in the final analysis, the majority's conclusion is both correct
and controlling. Although Appellee never advocated the exclusion of
evidence on the basis of article 38.23 at trial or on appeal, it cannot be
said that he waived the reference thereto in his motion to suppress.
Because the majority correctly concludes that the evidence is excludable
under article 38.23(b), and because an appellate court must affirm the
decision of the trial court regarding a motion to suppress if that decision
is reasonably supported by the record and is correct upon any theory of law
applicable to the case, Young v. State, 283 S.W.3d 854, 873-74
(Tex.Crim.App. 2009), I concur in the result reached by the majority.

 Patrick A. Pirtle
 Justice

Publish.